**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

IGAS HOLDINGS, INC., et al., )
                                      )
               Petitioners, )
                                      )      Case No. 23-1261
      v.                           )      (with No. 23-1263)
                                      )
U.S. ENVIRONMENTAL            )
PROTECTION AGENCY, et al.,     )
                                      )
              Respondents. )

**PETITIONERS' JOINT MOTION
FOR PROCEEDING WITH SEPARATE BRIEFS**

Under the Court's order of September 15, 2023, *see* Doc. No. 2017178, Petitioners in Case No. 23-1261, IGas Holdings, Inc. and its subsidiary companies (IGas USA, Inc.; BMP USA, Inc.; BMP International Inc.; L.M. Supply, Inc.; Cool Master U.S.A., LLC; Assured Comfort A/C, Inc.; Scales N Stuff, Inc.; Golden G Imports LLC; RAMJ Enterprises Inc.; and JPRP International) (collectively, "IGas") and Petitioner in Case No. 23-1263, RMS of Georgia, LLC d/b/a Choice Refrigerants ("Choice"), submit this joint motion requesting that the Court issue a scheduling order permitting IGas and Choice to file separate briefs. Petitioners also request that the Court grant each party the standard type-volume limitations under Fed. R. App. P. 32. Petitioners conferred with Respondents

1

Environmental Protection Agency and Michael Regan who take no position on this motion.

## BACKGROUND

The American Innovation and Manufacturing Act of 2020, Pub. L. 116-260, mandated phasing down hydrofluorocarbon ("HFC") production and consumption and directed EPA to implement this phasedown. On July 20, 2023, EPA published a final rule on "Phasedown of Hydrofluoro-carbons: Allowance Allocation Methodology for 2024 and Later Years" at 88 Fed. Reg. 46,836 (to be codified at 40 CFR Part 84) ("Final Rule"). Both IGas and Choice separately appealed the Final Rule on September 14, 2023, and the Court consolidated the appeals. *See* Doc. No. 2017348.

**I.** **The Court should issue a scheduling order with separate briefing because IGas and Choice take adverse positions on appeal.**

IGas and Choice argue for conflicting outcomes in challenging the Final Rule. If Choice prevails on appeal, portions of the Final Rule will be held unconstitutional to the extent that the EPA engaged in legislative acts reserved to Congress. The entire allocation scheme established by EPA would have to be revisited, likely by Congress, with the potential that IGas' allowances are reduced. In contrast, if IGas' HFC allowance

allocation challenge prevails, EPA's general allocation scheme will stand with adjustments, but because of the zero-sum nature of cap-and-trade mechanisms, Choice's allowances would likely decrease. IGas and Choice are thus positionally and competitively opposed and request that the Court issue a scheduling order allowing Petitioners to file separate briefs.

IGas and its subsidiaries are HFC importers and distributors that supply the growing air conditioning equipment aftermarket. During the notice and comment period for the Final Rule, IGas commented that the EPA should include 2020 and 2021 production and consumption activity data in the allocation methodology to reflect current market conditions and to provide for a smooth HFC phasedown. Comments of IGas Holdings, Inc., EPA-HQ-OAR-2022-0430-0070 at 4–6 (Dec. 19, 2022). In the Final Rule, EPA excluded 2020 and 2021 production and consumption activity data in the allocation methodology. This decision was arbitrary and capricious because EPA failed to give adequate reasons for excluding the 2020–2021 data. Considering these years in the allocation methodology would have resulted in a greater HFC allowance allocation for IGas and other aftermarket suppliers.

Choice is a domestic HFC producer and importer that patented two blended refrigerant gases. Choice argues that the AIM Act unconstitutionally delegated legislative power to EPA.[1] *See generally* Choice Comments at 14–15. Because the Final Rule rests on an unconstitutional delegation, the Final Rule is in excess of authority and in violation of law and must, in part, be remanded. If the Court finds that the Final Rule rests on valid, constitutional authority, Choice does not, at this time, intend to address the specifics of the EPA's allowance allocation in this proceeding.

Additionally, a principal Choice stakeholder is a *qui tam* relator in a suit involving IGas and its affiliated entities, further precluding cooperation between the Petitioners.

In sum, filing a joint brief with such multiple adverse positions would be complicated, if not impossible.

## II. The Court should allot each party the standard type-volume limitations under Fed. R. App. P. 32.

IGas and Choice also request that the Court allot each side the standard type-volume limitations under Fed. R. App. P. 32. IGas' and

---

[1] IGas supports the AIM Act and EPA's role in implementing the HFC phasedown.

Choice's issues on appeal are different. For this reason, the facts and arguments underlying each side's challenge to the Final Rule have little to no overlap. Reducing Rule 32's standard type-volume limitations would thus prejudice Petitioners in adequately addressing the complex issues raised by their appeals.

## CONCLUSION

Petitioners request that the Court issue a scheduling order permitting IGas and Choice to file separate briefs with the standard type-volume limitations under Fed. R. App. P. 32.

Dated: October 13, 2023

Respectfully submitted,

*/s/ JoAnn T. Sandifer*
JOANN T. SANDIFER
HUSCH BLACKWELL LLP
8001 Forsyth Blvd., Suite 1500
St. Louis, MO 63105
314.480.1833
joann.sandifer
     @huschblackwell.com

DANIEL G. SOLOMON
HUSCH BLACKWELL LLP
1801 Pennsylvania Avenue, NW
Suite 1000
Washington, D.C. 20006
202.378.2391
danny.solomon
     @huschblackwell.com

JAMIE SHOOKMAN
HUSCH BLACKWELL LLP
511 N. Broadway, Suite 1100
Milwaukee, WI 53202-5502
414.978.5356
jamie.shookman
     @huschblackwell.com

*Counsel for Petitioners IGas Holdings, Inc.; IGas USA, Inc.; BMP USA, Inc.; BMP International Inc.; L.M. Supply, Inc.; Cool Master U.S.A., LLC; Assured Comfort A/C, Inc.; Scales N Stuff, Inc.; Golden G Imports LLC; RAMJ Enterprises Inc.; and JPRP International, Inc.*

/s/ *Zhonette M. Brown*
ZHONETTE M. BROWN
KAITLYN D. SCHIRALDI
NEW CIVIL LIBERTIES
ALLIANCE
1225 19th St. NW, Suite 450
Washington, DC 20036
(202) 869-5210
zhonette.brown@ncla.legal
kaitlyn.schiraldi@ncla.legal

DAVID M. WILLIAMSON
WILLIAMSON LAW + POLICY,
PLLC
1001 Connecticut Ave. NW,
Suite 612
Washington, DC 20036
(202) 256-6155
Maxwilliamson
     @williamsonlawpolicy.com

*Counsel for RMS of Georgia, LLC*

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to Fed. R. App. P. 25(c), that on October 13, 2023, I filed the foregoing document using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

Dated: October 13, 2023

*/s/ JoAnn T. Sandifer*
JoAnn T. Sandifer

# CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 746 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). This filing also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (6) because it was prepared in a proportionately spaced typeface with Microsoft Word using Century Schoolbook font in a plain, roman style and fourteen-point font.

Dated: October 13, 2023

*/s/ JoAnn T. Sandifer*
JoAnn T. Sandifer