# IN THE UNITED STATES COURT OF APPEALS
# FOR THE D.C. CIRCUIT

| | |
|---|---|
| IGAS HOLDINGS, INC, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al*. <br><br> Respondents. | No. 23-1261 |
| RMS OF GEORGIA, LLC, <br><br> Petitioner, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al*. <br><br> Respondents. | No. 23-1263 |

**EPA MOTION TO HOLD CASE IN ABEYANCE**

Respondents United States Environmental Protection Agency and Administrator Lee Zeldin[1] ("EPA") respectfully move the Court to hold this matter in abeyance for 60 days to allow new Agency leadership to review the underlying

---

[1] Administrator Zeldin is substituted for former Administrator Michael S. Regan pursuant to Federal Rule of Appellate Procedure 43(c)(2).

1

rule. Undersigned counsel has conferred with counsel for Petitioners and Respondent-Intervenor, who indicate their clients oppose this request.

1. Petitioners IGas Holdings, Inc. and RMS of Georgia, LLC seek review of an EPA action entitled, "Phasedown of Hydrofluorocarbons: Allowance Allocation Methodology for 2024 and Later Years," 88 Fed. Reg. 46,836 (July 20, 2023).

2. The Court heard oral argument in this case on October 8, 2024.

3. As the Court is aware, a new administration took office on January 20, 2025. New administration officials at EPA need time to familiarize themselves with the rule at issue in this case as well as numerous other EPA rulemakings during this same period. In particular, EPA needs time to brief new administration officials about these consolidated petitions and the underlying Rule to allow them to decide what action, if any, is necessary.

4. To provide EPA time to undertake that process in an orderly and deliberate fashion before a decision is rendered in this case, EPA requests that the court abate proceedings in this matter for 60 days.

5. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936). An abeyance is prudent

"if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

6. Abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

7. Courts routinely grant stays or abeyance in circumstances to allow a new administration to review prior actions. *See, e.g.*, Order, *State of California et al. v. EPA* (Doc. Nos. 1883880, 1882301)[2] (granting abeyance to allow new administration time to review underlying action); *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request

---

[2] In this and the following citations, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for a stay or abeyance.

to accommodate change of administration); Order (Doc. Nos. 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

8. Abeyance would also preserve judicial resources. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some of the disputed issues. Good cause thus exists for the requested abeyance. *Cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

9. The requested abeyance period is short and would not unduly delay resolution of the pending case if EPA determines that no action on the underlying rule is necessary.

10. For these reasons, the Court should place this matter in abeyance for 60 days, with motions to govern due at the end of that period.

                              Respectfully submitted,

                              LISA LYNNE RUSSELL
                                *Deputy Assistant Attorney General*

| *Of Counsel:* | /s/ *Sarah A. Buckley* |
|---|---|
| KAREN BIANCO | SARAH A. BUCKLEY |
|    Office of the General Counsel |    Environmental Defense Section |
|    U.S. Environmental Protection Agency |    Environment and Natural Resources Division |
|    Washington, D.C. |    U.S. Department of Justice |
| |    P.O. Box 7611 |

Washington, D.C. 20044
(202) 616-7554
Sarah.buckley@usdoj.gov

February 10, 2025

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 672 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ *Sarah A. Buckley*
SARAH A. BUCKLEY

Dated: February 10, 2025

# CERTIFICATE OF SERVICE

I hereby certify that February 10, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system.

The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ *Sarah A. Buckley*
SARAH A. BUCKLEY