ORAL ARGUMENT HELD OCTOBER 8, 2024

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| IGAS HOLDINGS, INC. et al., | ) |
| Petitioners, | ) ) ) |
| v. | ) No. 23-1261, 23-1263 ) ) |
| U.S. ENVIRONMENTAL PROTECTION AGENCY et al., | ) ) ) ) |
| Respondents. | ) |

## PETITIONER RMS OF GEORGIA'S RESPONSE
## IN OPPOSITION TO MOTION TO HOLD CASE IN ABEYANCE

The Court should decline EPA's Motion to Hold Case in Abeyance (Doc. #2099716). An abeyance of this case would continue the harm suffered by Petitioners by the unconstitutional AIM Act cap-and-trade program and would delay resolution of disputed issues which should be addressed before the EPA issues the 2026 hydrofluorocarbon allowances later this year. Moreover, an abeyance would not benefit any party or enhance any efficiency in the case. EPA cannot take any action that would resolve the unconstitutional power granted to it by the AIM Act statute and cannot meet its burden to justify an abeyance.

1

Petitioner RMS of Georgia ("Choice Refrigerants" or "Choice") first challenged EPA action based on the AIM Act in December 2021 and a court has yet to rule on the merits of its challenge. After its first challenge was dismissed for failing to point out to the EPA during rulemaking the constitutional infirmity of the statute EPA relied upon, Choice filed the petition at issue in this case over a year ago, in September of 2023. As Choice explained its briefing, while the Rule at issue is in effect, Choice is forced to operate well below its prior operating capacity and in a manner that disproportionately impinges on Choice's market share. *See* Choice Reply Br. at 14–15. (Doc. #2057046).

EPA bears but cannot sustain the burden of justifying a delay of the resolution in this case. *See Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (requesting party "bears the burden of showing that the circumstances justify" abeyance); *Landis v. North American Co.*, 299 U.S. 248, 255, 257 (1936). To carry its burden, EPA "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [it] prays will work damage to some one else." *Landis*, 299 U.S. at 255. Further, "benefit and hardship would have to be set off, the one against the other, and a balance ascertained." *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 216 (1937) (citing *Landis*, 299 U.S. 248).

As summarized above, Choice is harmed by the ongoing artificial diminishment of its business caused by the Rule and the statute. Moreover, harm to the Petitioners is not the only risk to consider. The issuance and distribution of allowances affects the entire industry. EPA previously argued that companies expend their allowances in reliance on what has been issued to them and that changing allocations after they have been issued would disrupt the markets. EPA Merits Br. at 60–61 (Doc. #2045932). If the Court finds any of EPA's prior rulemaking unlawful, EPA and the industry need adequate time to adjust before the 2026 allowances would be issued, which must happen by October 1.

There is no benefit to counterbalance this harm. EPA argues that the ongoing change in leadership at the agency necessitates additional time for the new leadership to be briefed on pending cases to determine if action is required. EPA Br. ¶ 3. EPA identifies no hardship or inequity that any party would suffer should the case move forward. Moreover, EPA's arguments are all generic and untailored to the circumstances of this case. It appears that EPA is generally asking to delay action in many cases. *See* D.C. Circuit Dockets for Nos. 23-1157 (Doc. #2099213), 24-1054 (Doc. #2099414), 24-1120 (Doc. #2099080), 24-1151 (Doc. #2098875), 24-1172 (Doc. #2099224), 24-1188 (Doc. #2099439), and 24-1376 (Doc. #2097660).

The Supreme Court for its part, has denied similar requests. *See, e.g.*, *EPA v. Calumet Shreveport RFG*, No. 23-1229, 2025 WL 412995 (Mem.) (Feb. 6, 2025); *Diamond Alternative Energy, LLC v. EPA*, No. 24-7, 2025 WL 412999 (Mem.) (Feb. 6, 2025); *Oklahoma v. EPA*, No. 23-1067, 2025 WL 412998 (Mem.) (Feb. 6, 2025); *Pacificorp v. EPA*, No. 23-1068, 2025 WL 412994 (Mem.) (Feb. 6, 2025).

An agency should not be heard to argue that a change in administration in and of itself creates a hardship or inequity merely because the other branches of government continue with their duties. Nor does it further public welfare or convenience for judicial delays to become standard operating procedure following presidential elections. EPA Br. ¶¶ 5, 7 (Doc. #2099716) (arguing abeyance is appropriate for public welfare and common following administration changes).

Further, a delay would serve no purpose given the current status of this case. Oral argument was held on October 8, 2024, and EPA need not take any further action in this case while awaiting the Court's decision. If the Court rules in EPA's favor, the agency need take no action and the ruling would not preclude EPA from its ability to revise its own past decisions. If the Court finds any EPA action unlawful and if EPA were still undecided about its view of the merits of the case or its alternatives, it

could then seek a stay of the mandate or an extension for time to file a petition for writ of certiorari. *See Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 426 (D.C. Cir. 2018) (denying EPA request for abeyance where EPA could address effect of intervening statute on remand). Either way, it will be months before the EPA must take any action associated with this case.

More importantly, the AIM Act's unconstitutional grant of legislative power at issue in this case cannot be cured by the agency. *See Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 472–73 (2001) (describing "[t]he idea that an agency can cure a[] … delegation of power" as "internally contradictory."); EPA Merits Br. at 3 (identifying the issue as "[w]hether *Congress* [un]constitutionally exercised its legislative authority…"). EPA tellingly offers no example for *any* action it could take to resolve the issues here. In fact, its ability to "revise" its own past decisions, EPA Br. ¶ 6, is irrelevant to the question presented by Choice's petition.

Contrary to EPA's claim, EPA Br. ¶ 8, an abeyance here offers no opportunity for the preservation of judicial resources. Here there is no other pending lawsuit, no settlement under consideration, and no particular action contemplated by the EPA that could affect the outcome of this, only speculation about speculation. Abeyance is not appropriate.

Therefore, EPA's Motion to Hold Case in Abeyance should be denied.

Dated: February 13, 2025      Respectfully submitted,

/s/ *Zhonette M. Brown*
Zhonette M. Brown
Kaitlyn D. Schiraldi
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Dr., Suite 300
Arlington, VA 22203
(202) 869-5210
zhonette.brown@ncla.legal
kaitlyn.schiraldi@ncla.legal

David M. Williamson
WILLIAMSON LAW + POLICY, PLLC
1001 Connecticut Ave. NW, Suite 612
Washington, DC 20036
(202) 256-6155
maxwilliamson@williamsonlawpolicy.com

*Counsel for RMS of Georgia, LLC*

# **CERTIFICATE OF COMPLIANCE WITH FEDERAL RULES OF APPELLATE PROCEDURE 27(D) & 32(A)**

This motion complies with the requirements of Fed. R. App. P. 27(d)(2) because it contains 1,041 words, excluding any accompanying documents authorized by Fed. R. App. R. 27(a)(2)(B).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Zhonette M. Brown*

## CERTIFICATE OF SERVICE

    I hereby certify that on February 13, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                          */s/ Zhonette M. Brown*